**FILED & ENTERED**

**NOV 01 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**JOSE I. HERNANDEZ and ALISA PLASENCIA MARIA HERNANDEZ,**<br><br>Debtors. | Case No. 2:14-bk-29447-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTORS' MOTION FOR ABANDONMENT WITHOUT PREJUDICE** |

Pending before the court is the motion for abandonment ("Motion"), ECF 81, of Debtors Jose I. Hernandez and Alisa Plasencia Maria Hernandez ("Debtors"), who are represented by John F. Buzan, of the law firm of Bazan Huerta & Associates.

The Motion requests an order without hearing pursuant to Local Bankruptcy Rule 9013-1(q) compelling that the Chapter 7 Trustee of the above-captioned bankruptcy case, Timothy Yoo ("Trustee"). abandon the bankruptcy estate's interest in the real property located at 4208 Lindell Avenue, Pico Rivera, California. *Id*.

Under Local Bankruptcy Rule 6007-1(b), "an order compelling the case trustee . . . to abandon property of the estate may be obtained upon motion of a party in interest after notice of opportunity to request a hearing pursuant to Local Bankruptcy Rule 9013-1(o)." Furthermore, Local Bankruptcy Rule 6007-1(c)(2) requires that the notice be served on

the parties listed in Federal Rule of Bankruptcy Procedure 6007(a), which includes all creditors.

The court observes that the Motion was not served with notice on all creditors with an opportunity to request a hearing on the Motion required by Local Bankruptcy Rule 9013-1(o). Debtors used the wrong form Motion and filed and served the Motion pursuant to Local Bankruptcy Rule 9013-1(q) on parties by Notice of Electronic Filing only. As shown by a comparison of the proof of service of the Motion and the mailing matrix in this case, Debtors thus failed to serve all required parties by mail, including all creditors, and therefore, the Motion does not comply with Local Bankruptcy Rules 6007-1(c)(2) and 9013-1(o) and Federal Rule of Bankruptcy Procedure 6007(a) and must be denied.

Having reviewed the Motion, because Debtors did not serve all creditors with notice of the Motion with an opportunity to request a hearing pursuant to Local Bankruptcy Rule 9013-1(o), the court hereby orders that the Motion is denied without prejudice.

IT IS SO ORDERED.

###

Date: November 1, 2016

Robert Kwan
United States Bankruptcy Judge